IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Sharod Addison, ) | C/A No.: 1:15-571-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Corporal Steven Moore, ) | |
| ) | |
| Defendant. ) | |
| ) | |

  Kelvin Sharod Addison ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at Kershaw Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff asserts claims against SCDC officer Corporal Steven Moore ("Defendant") for excessive force in violation of the Eighth Amendment, negligence, and defamation.

  This matter comes before the court on Defendant's motion for summary judgment. [ECF No. 47]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 48]. The motion having been fully briefed [ECF Nos. 51–53], it is ripe for disposition.

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the record in this case, the undersigned recommends the district judge grant Defendant's motion for summary judgment.

I.    Factual Background[1]

Plaintiff claims that on August 22, 2013, he and Defendant engaged in a verbal altercation in which he threatened to throw juice on Defendant if Defendant returned to Plaintiff's cell. [ECF No. 1 at 3]. Defendant told Plaintiff he would open his cell door and beat Plaintiff. *Id*. When Defendant and Sergeant Lippe were collecting food trays later that day, Plaintiff threw juice on Defendant. *Id*. Defendant then sprayed mace through Plaintiff's cell flap. *Id*. When Defendant saw Plaintiff was using a blanket to block the mace, Defendant reached through the flap to pull Plaintiff's blanket out. *Id.* Defendant pulled Plaintiff's arm as well, cutting Plaintiff's forearm in the flap. *Id*. Defendant continued spraying mace until the can was empty and then beat Plaintiff's hand with the bottom of the mace can. *Id*. Plaintiff was then taken to medical and the nurse took a picture of his hand. *Id*. at 3–4.

Defendant wrote an incident report stating that Plaintiff threw urine on him and sliced his own hand with a razor. *Id*. at 4. Plaintiff was later criminally charged for having thrown bodily fluids on Defendant. *Id*. At trial, Defendant testified that he believed the liquid thrown was urine. *Id*. Plaintiff was found not guilty at trial. *Id*.

II.   Discussion

  A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of

---

[1] The undersigned presents the facts in the light most favorable to Plaintiff.

2

demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

1.     Exhaustion of Administrative Remedies

Defendant argues that Plaintiff failed to timely exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524.

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to SCDC Grievance Policy GA–01.12, in most cases, inmates must make

an effort to informally resolve a grievance by submitting a Request to Staff Member Form to the appropriate supervisor/staff member. [ECF No. 47-8 at 6]. If informal resolution is not possible, the inmate is to complete Form 10–5, Step 1, within 5 days of the alleged incident.[2] *Id*. Here, the incident occurred on August 22, 2013, and Defendant issued the report on the use of force and an incident report on the same day. [ECF Nos. 47-12 at 2; 47-15 at 1]. Defendant claims, and Plaintiff has not disputed, that Plaintiff did not file any grievances within five days of the incident. Therefore, Plaintiff did not exhaust his administrative remedies related to his excessive force and negligence claims, and the undersigned recommends Defendant be granted summary judgment on these claims.

On September 10, 2013, the day of Plaintiff's disciplinary hearing, Plaintiff filed a grievance requesting that his disciplinary charges be dropped because Defendant's report stated Plaintiff had thrown urine on him. [ECF No. 47-9]. Plaintiff states in the grievance that if the substance had been tested, it would have shown that it was water.[3] *Id*. Although Plaintiff has not clarified all statements he believes to be defamatory, he has arguably exhausted his administrative remedies regarding his defamation claim.

    2.    Defamation

The tort of defamation allows a plaintiff to recover for injury to his reputation as

---

[2] An inmate may skip an informal resolution if he makes an allegation of criminal activity, but still must file a Step-1 grievance within five days. [ECF No. 47-8 at 6].

[3] In his deposition, Plaintiff failed to provide any explanation as to why he claimed in his grievance that the substance was water and he now claims that it was juice. [ECF No. 47-14 at 4–5].

5

the result of the defendant's communications to others of a false message about the plaintiff. *Holtzscheiter v. Thomson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998). Under South Carolina law, to state a cause of action for defamation, a plaintiff must show the existence of some message that (1) is defamatory, (2) is published with actual or implied malice, (3) is false, (4) is published by the defendant, (5) concerned the plaintiff, and (6) resulted in legally presumed or in special damages. *Parker v. Evening Post Pub. Co.*, 452 S.E.2d 640, 644 (S.C. Ct. App. 1994). However, "[t]he protection of privilege extends generally to remarks made in the prosecution of an inquiry regarding a crime which has been committed; and for the purpose of detecting and bringing the criminal to punishment." *Bell v. Bank of Abbeville*, 38 S.E.2d 641, 643 (S.C. 1946). "Where the occasion gives rise to a qualified privilege, there is a prima facie presumption to rebut the inference of malice, and the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded." *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 134 (S.C. 1999). Here, Defendant's statements were made in the prosecution of prison disciplinary violations and were related to Plaintiff's criminal charges, for which he was acquitted.

To prove actual malice, the plaintiff must show that "the defendant was activated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff;" or that the statements were published with such recklessness as to show a conscious disregard for plaintiff's rights. *Holtzscheiter*, 506 S.E.2d at 502 n. 3. The communications by Defendant in this matter were subject to a qualified privilege, and Plaintiff has not offered sufficient evidence to establish the requisite showing of malice to

overcome the privilege. Therefore, the undersigned recommends Defendant be granted summary judgment on Plaintiff's defamation claim.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Defendant's motion for summary judgment. [ECF No. 47].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 15, 2016                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).